Julie A. Mersch, Esq.
Nevada Bar No. 004695
LAW OFFICE OF JULIE A. MERSCH
428 S. 4th Street
Las Vegas, NV  89101
(702) 387-5868
Fax (702) 387-0109
jam@merschlaw.com
*Attorney for Plaintiff Sondra Williamson*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SONDRA WILLIAMSON, <br><br> Plaintiff, <br><br> vs. <br><br> HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, as Claims Administrator for the Bank of America Long-Term Disability Plan, <br><br> Defendant. | CASE NO.: 2:23-cv-00485-APG-NJK <br><br> **<u>DISCOVERY PLAN AND SCHEDULING ORDER</u>** <br><br> **(Special Scheduling Review Requested)** |

Plaintiff SONDRA WILLIAMSON ("WILLIAMSON") and Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD") jointly request special scheduling review and submit the following discovery plan and order for this case.

**I.      Rule 26(f) Conference.**

In accordance with Fed. R. Civ. P. 26(f), a telephonic conference was held beginning on June 14, 2023 between Julie A. Mersch, counsel for the Plaintiff, and Nancy J. Marr, counsel for HARTFORD.  The parties agree that the standard discovery plan is not best suited for this lawsuit, for the reasons set forth below.  The parties further certify, pursuant to LR 26-1(b)(7-8), that they have met and conferred regarding the possibility of using alternate dispute-resolution processes. The provisions of LR 26-1(b)(9) do not apply as no jury trial is demanded or allowed in this matter.

## II.   Nature of Case and Purpose of Special Review.

This claim involves coverage for long-term disability benefits under a group insurance plan ("Plan") administered by Plaintiff's employer, Bank of America (Plan Administrator) for the benefit of its employees. Defendant HARTFORD administers claims under the Plan. The Plaintiff's complaint alleges a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), seeking, *inter alia*, reinstatement of long-term disability benefits and payment of past benefits. This action is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §§1132 (a)(1)(B)). HARTFORD asserts that based on all of the medical, vocational, and investigative information reviewed, Plaintiff's claim is not payable under the terms of the Plan and Plaintiff is not entitled to the long-term disability benefits or the relief she seeks in her complaint.

No discovery plan and scheduling order is generally required for review of an administrative record. LR 16-1(c)(1). An action for an administrative review usually requires that the parties file a briefing schedule. LR 16-1(c). Accordingly, the parties jointly request that this Court review and adopt the proposed non-standard discovery and case schedule set forth below:

## III.   Jurisdiction and Venue

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as a federal question under ERISA, 29 U.S.C. §§ 1001 *et seq*.

HARTFORD is reviewing this matter to determine if venue is more appropriate in Florida where the Plaintiff resides. If so, HARTFORD anticipates the possibility of filing a motion to transfer venue under 28 U.S.C. § 1404(a) on or before Friday, September 29, 2023. HARTFORD respectfully requests this timeframe, so that it can first fully explore settlement with the Plaintiff, following initial disclosure of the administrative record by August 4, and before the expenditure of costs and resources on a motion and possible transfer of jurisdiction between courts. During this time, the parties plan to discuss any discovery and/or dispute

regarding the administrative record, also a consideration within the context of settlement discussions. Absent resolution, time would then be needed to fully review and analyze the extent and nature of the contacts and to prepare any motion to transfer venue. (In addition, counsel has a prepaid vacation scheduled during September 5-11, 2023.)

Plaintiff will oppose any motion to transfer venue and does not believe that the timing of the motion should be contingent on the outcome of settlement discussions.

### IV. Proposed Plan

The parties have conferred and agree as follows:

**A.    Initial Disclosures**

**Production of the Administrative Record:** HARTFORD will disclose a copy of the ERISA administrative record by **Friday, August 4, 2023.**

**B.    Meet and Confer Period:**

Plaintiff contends that she is entitled to conduct discovery in this matter. HARTFORD asserts that no discovery appears appropriate or permissible under the facts of this case. Accordingly, Plaintiff and HARTFORD will meet and confer by **Friday, September 1, 2023** as to 1) the type of discovery and scope of discovery that Plaintiff contends is permissible and should be conducted, with reasonable specificity (including proposed written discovery where possible); and 2) whether the parties agree regarding the contents of the Administrative Record, including whether materials should be added and/or removed therefrom. Any discovery that the parties agree is permissible ERISA discovery shall be served by **Friday, October 2 , 2023**.

**C.    Briefing re: ERISA Discovery Disputes:** To the extent that, after the meet and confer period, the parties disagree as to 1) the permissible scope of discovery and type of discovery and/or 2) the contents of the Administrative Record, then on or before **Friday, October 20, 2023**, the parties will simultaneously brief the Court and request a ruling on any remaining disputes.

**D.     Filing of ERISA Administrative Record and Briefing of the Merits of the Case:**  If no discovery briefs are filed under Paragraph III.C., above, then on or before **Friday, December 1, 2023**, Defendant will file the Administrative Record with this Court, the contents of which will be agreed upon by the parties.

If a joint Administrative Record is timely filed and simultaneous motions are not filed under Paragraph III.C., above, Defendant proposes that FRCP Rule 52/56 motions be filed no later than **Thursday, January 18, 2024**; opposing memoranda by **Thursday, February 15, 2024**; and reply memoranda by **Thursday, March 7, 2024**.  Plaintiff proposes that FRCP Rule 52/56 motions be filed by **Monday, December 11, 2023;** oppositions by **Friday, January 12, 2024;** and replies by **Friday, January 26, 2024.**

**Court-approved deadlines for filing FRCP Rule 52/56 motions/responses/replies:**

**FRCP Rule 52/56 motions:** __December 11, 2023__

**Responses:** __January 12, 2024__

**Replies:** __January 26, 2024__

If motion(s) are filed under Paragraph III.C., above, the deadlines set forth in this Paragraph III.D. will be suspended.  The parties will propose new deadlines after any discovery motion has been ruled upon, to take into account any additional discovery time permitted.

**V.     Settlement.**

The parties intend to engage in early settlement discussions and discussed the time frames for such discussions in the Rule 26 conference.

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: July 25, 2023